IN THE UNITED STATES DISTRICT COURT

NORTHERN DIVISION

| | |
|---|---|
| CRAIG GARRETT,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | ORDER and<br><br>MEMORANDUM DECISION<br><br><br>Civil Case No. 1:04-CV-92 TC<br><br>Criminal Case No. 1:03-CR-9 TC |

## INTRODUCTION

Mr. Craig Garrett has filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. The lengthy and somewhat tangled procedural background of Mr. Garrett's challenge to his sentence is thoroughly outlined in the Government's opposition and will not be repeated here. (See Opp'n to Second Am. Section 2255 Pet. (Dkt. No. 17 of 1:04-CV-92).) Mr. Garrett bases his present petition on a single contention: that because he was not convicted of a felony domestic violence offense, his conviction for violation of 18 U.S.C. § 922(g)(9) (possession of a firearm following a conviction for domestic violence) is illegal and must be set aside.

For the following reasons, Mr. Garrett's petition is DENIED.

## ANALYSIS

On April 3, 2003, Mr. Garrett pled guilty to one count of violation of 18 U.S.C.

1

§ 922(g)(9).  (See Statement in Advance of Plea Accepted as to Craig Garrett (Dkt. No. 23 of 1:03-CR-9).)  In the Statement by Defendant in Advance of Plea of Guilty, signed by Mr. Garrett at the hearing on April 3, he admitted that on October 4, 2002, he possessed a firearm and that before that date, he had been convicted of the misdemeanor offense of Domestic Assault in the Sixth District Court of Idaho. (Id. at 5.)  On June 20, 2003, the court sentenced Mr. Garrett to fifty-one months in custody.  (See June 20, 2003 Minute Entry (Dkt. No. 29 of 1:03-CR-9).)

The minute entry from the Sixth District Court of Idaho, dated January 5, 1999, signed by the Honorable Lowell D. Castleton, shows that Mr. Garrett pled guilty to "a reduced charge of Assault, in violation of Idaho Code Section 18-918." (Ex. 1 to Nov. 8, 2004 Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. No. 13 of 1:04-CV-92).)  There is no question that even though the reduced charge was for assault, it is a crime of domestic violence.  Not only is the title of § 18-918 "Domestic Violence," but the Idaho Supreme Court has explained, "[t]he domestic violence statute, I.C. §18-918 (2003), generally prohibits assaults and batteries among 'household members.'" State v. Hansell, 114 P.3d 145, 147 (Idaho 2005).

18 U.S.C. § 922(g)(9), the statute to which Mr. Garrett pled guilty in this court, makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm in interstate commerce.  18 U.S.C. § 922(g)(9) (emphasis added).  Clearly, Mr. Garrett's conviction in the Idaho Court of a misdemeanor offense under Idaho Code § 18-918 is a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9), and Mr. Garrett's contention that his federal conviction is illegal is incorrect.

For the above reasons, Mr. Garrett's petition is dismissed.[1]

DATED this 12th day of September, 2005.

                                        BY THE COURT:

                                        */s/ Tena Campbell*

                                        TENA CAMPBELL
                                        United States District Judge

---

[1] Because the petition, memoranda, files and records of this case conclusively show that Mr. Garrett is entitled to no relief, the court decides this matter without a hearing. See 28 U.S.C. § 2255.

3