IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2005 NOV -4  A 10: 22
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| CRAIG C. GARRETT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA.<br><br>Respondent. | ORDER & MEMORANDUM DECISION<br><br>Civil Case No. 1:04CV92<br>Criminal Case No. 1:03CR9 |

This matter is before the court on Petitioner Craig C. Garrett's motion to clarify the court's September 12, 2005 denial of his petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Mr. Garrett, in his original petition, contended that he was not legally convicted for possession of a firearm following a conviction for domestic violence, under 18 U.S.C. § 922(g)(9), because he had not previously been convicted of a felony crime of domestic violence. In its September 12 Order, the court explained that a conviction under 18 U.S.C. § 922(g)(9) requires only that Mr. Garret had earlier been convicted of a "<u>misdemeanor</u> crime of domestic violence." 18 U.S.C. § 922(g)(9) (emphasis added). And Mr. Garrett admitted that on October 4, 2002, in the Sixth District Court of Idaho he was convicted of a misdemeanor violation of Idaho Code § 18-918 which "generally prohibits assaults and batteries among 'household members.'" <u>State v. Hansell</u>, 114 P.3d 145, 147 (Idaho 2005).

There is no question that Mr. Garrett was convicted was a "misdemeanor crime of domestic violence" and that his conviction was legal. Accordingly, Mr. Garrett's motion for clarification is DENIED.

SO ORDERED this **4** day of November, 2005.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge